Erik T. Atkisson (SBN 205847)
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA  94612-3572
Mailing Address:
P.O. Box 2084
Oakland, CA  94604-2084
Telephone:     510.763.2000
Facsimile:      510.273.8832
Email:            Eatkisson@ReedSmith.com

Patrick E. Bradley (PBN 2616)
REED SMITH LLP
Princeton Forrestal Village
136 Main St., Suite 250
Princeton, NJ 08543
Telephone:     609.987.0050
Facsimile:      609.951.0824
Email:            PBradley@ReedSmith.com
(*pro hac vice* application to be filed)

Attorneys for Cirrus Design Corp.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUE JAN McGRATH, et al.,<br><br>          Plaintiffs,<br><br>     vs.<br><br>CIRRUS DESIGN CORPORATION, et al.,<br><br>          Defendants. | No.: C05-01542 CW<br><br>**AGREED CONFIDENTIALITY ORDER**<br><br>Honorable Claudia Wilken |

In order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, pursuant to the Court's authority under Fed. R. Civ. P. 26(c) and with the consent of plaintiffs and defendants, it is:

ORDERED and ADJUDGED as follows:

1.   All documents produced in this cause that are designated "CONFIDENTIAL-SUBJECT TO COURT ORDER" pursuant to the terms of this Order shall be used solely for

purposes of pretrial motions, preparation and trial of the action before this Court captioned, ***McGrath, et al. v. Cirrus Design Corporation, et al.***, Case No. C05-01542 CW (hereinafter the "Action"), including appeals and retrials, and shall not be used for any other purpose, including business, commercial, or separate judicial proceedings, except as set forth below or expressly authorized in writing by the producing party. As used herein, the term "parties" means and includes all parties to this Action only.

2. Any party in this Action may stamp as "CONFIDENTIAL-SUBJECT TO COURT ORDER" documents produced in discovery in this Action, together with pleadings, deposition transcripts (subject to the requirements of paragraph 12 of this Order), and any other information derived from such documents which contain employee information, financial data and information, and any other information that may reasonably be characterized by a party as intellectual property, a trade secret, or proprietary or confidential information. For purposes of this Order, "trade secret" shall mean, without limitation, any plan, mechanism, device, pattern, design, process, customer list or other information used in the producing party's business and that is known only by the producing party; "proprietary information" shall mean any information in which a party has a protectable interest, including, without limitation, information regarding a party's finances, processes, products, services, research & development, manufacturing, purchasing, accounting, engineering, designing, marketing, merchandising, selling, distribution, leasing, and servicing systems and techniques. By way of example only, such information includes schematics, designs, models, drawings, manuals, memoranda, specifications, computer software, computer printouts, computer programs, development tools and processes, technical data and improvements. It also includes plans or proposals with regard to any of the foregoing, whether implemented or not, and any electronic data recorded, sent or retrieved by any means that contains any of the foregoing information.

3. Any party in this Action may stamp as "CONFIDENTIAL-SUBJECT TO COURT ORDER" any interrogatory answer that may reasonably be characterized as trade secret, proprietary or confidential information. A party making such designation shall set forth such answer in a

separate document that is produced and designated as "CONFIDENTIAL-SUBJECT TO COURT ORDER." Interrogatory answers not labeled confidential shall make reference to the separately produced answer, but shall not attach the separately produced answer(s). Objections to such claims made pursuant to paragraph 10 shall also be made in good faith.

4. In the event a party elects to produce files and records for inspection and the requesting party elects to inspect them, no designation of "CONFIDENTIAL-SUBJECT TO COURT ORDER" need be made in advance of the inspection. For purposes of such inspection, all material produced shall be considered as "CONFIDENTIAL-SUBJECT TO COURT ORDER". If the inspecting party selects specified documents to be copied, the producing party may designate any such documents as "CONFIDENTIAL-SUBJECT TO COURT ORDER" in accordance with paragraph 2 at the time the copies are produced.

5. If a party receiving a production believes that a producing party has produced a document which contains confidential information of the receiving party, the receiving party may designate the document as "CONFIDENTIAL-SUBJECT TO COURT ORDER" by notifying all parties in writing within fourteen (14) days of its receipt of the document.

6. Documents designated "CONFIDENTIAL-SUBJECT TO COURT ORDER" shall be shown only to the parties; the attorneys for the parties (including partners, associates, paralegals, clerical and support personnel); employees of third-party contractors involved in one or more aspects of copying, organizing, filing, coding, imaging, converting, storing, or retrieving data or designating programs for handling data connected with this Action, including the performance of such duties in relation to a computerized litigation support system or in providing other clerical and support services; experts and consultants; actual or potential witnesses; officials of this Court (including court reporters, persons operating video equipment at depositions, and any special master or mediator appointed by the Court); deponents, but only pursuant to the terms of paragraph 12; or,

subject to paragraph 8, to any governmental body or administrative agency in compliance with a subpoena from that body or agency.

7. If a party wishes to disclose any information designated as "CONFIDENTIAL-SUBJECT TO COURT ORDER" to any person not described in paragraph 6 of this Order, permission to so disclose must be requested from the designating party in writing. If the designating party objects to the proposed disclosure, it shall so advise the requesting party and shall subsequently file an application with the Court. The Court shall determine whether the information designated as "CONFIDENTIAL-SUBJECT TO COURT ORDER" is subject to disclosure. The requesting party shall not make any disclosure unless this Court so orders.

8. A party to this Action and/or subject to this Order who is served with a subpoena that requests the production of documents designated as "CONFIDENTIAL-SUBJECT TO COURT ORDER," shall notify all other parties to this Action of the service of the subpoena no later than three (3) days after the service of the subpoena. It shall be the responsibility of the party who designated the documents as "CONFIDENTIAL-SUBJECT TO COURT ORDER" to notify all interested parties of its intention to assert the confidentiality of the documents and, at its expense, to move to quash or otherwise object to the production of the documents requested by the subpoena. Accordingly, documents designated as "CONFIDENTIAL-SUBJECT TO COURT ORDER" shall not be produced in response to a subpoena until the party asserting confidentiality either (1) consents to their production or (2) makes an appropriate application with the court, in which case the documents shall not be produced until a court has an opportunity to rule on the moving party's application.

9. Each person (other than Court officials, clerical and support personnel employed by the attorneys in this Action, and employees of third-party contractors involved in one or more aspects of copying, organizing, filing, coding, imaging, converting, storing, or retrieving data or designating programs for handling data connected with this Action) who is permitted to see

– 4 –

DOCSOAK-9810963.2-EATKISSON

Agreed Confidentiality Order

"CONFIDENTIAL-SUBJECT TO COURT ORDER" documents shall first be shown a copy of this Order and advised that the information contained in the documents is deemed to be confidential and informed that the person is bound by the Order and that an unauthorized disclosure of the information in the documents may constitute contempt of this Court.  Such person shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Agreement attached as Exhibit A.  Counsel for the party obtaining the person's signature on the Confidentiality Agreement will retain the original signed agreement.  In the event the parties hereto or their counsel are aware or become aware of any person (other than those exempted above) to whom documents designated as "CONFIDENTIAL-SUBJECT TO COURT ORDER" have been shown or disclosed prior to such designation in this Action or prior to the execution of this Order, counsel shall identify and inform those persons of the existence and terms of this Order and that an unauthorized disclosure of the information in the documents may constitute a contempt of Court, and shall obtain a signed Confidentiality Agreement from such persons, in the form attached as Exhibit A.

10.   If a party believes that a document designated or sought to be designated as "CONFIDENTIAL-SUBJECT TO COURT ORDER" by the producing party does not warrant such designation, it shall first make a good faith effort to resolve such dispute by conferring with counsel for the party designating the document.  In the event that such a dispute cannot be resolved by the parties, the challenging party shall have forty-five (45) days from the meet and confer conference to file with the Court a motion seeking challenging the confidential designation. All documents initially designated as "CONFIDENTIAL-SUBJECT TO COURT ORDER" shall be treated as "CONFIDENTIAL-SUBJECT TO COURT ORDER" in accordance with this Order until any motion has been addressed by the Court.  If no designating party elects to make such a motion for protective order with respect to documents to which an objection has been made, the designation shall be deemed to have been withdrawn.  If such a motion is made, the moving party shall bear the burden of proving that the document or information is not entitled to protection pursuant to this Order.

11. In the case of designations received within forty-two (42) days of trial, the receiving party shall have half of the remaining time before trial in which to raise an objection to the designation. If an objection is received within twenty-eight (28) days of trial, the challenging party must file its motion for protective order within half of the remaining time before trial.

12. At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as "CONFIDENTIAL-SUBJECT TO COURT ORDER" specific portions of the transcript and any videotape which contains reference to documents and information under the standards set forth above. Until such time has elapsed, deposition transcripts in their entirety are to be considered as confidential. This designation shall be in writing and served upon counsel of record. Any portions of a transcript or videotape designated as "CONFIDENTIAL-SUBJECT TO COURT ORDER" shall thereafter be treated as a document designated as confidential in accordance with this Order. When filing materials with the Court in pretrial proceedings, counsel shall file under seal only those specific documents and that deposition testimony designated as "CONFIDENTIAL-SUBJECT TO COURT ORDER" and only those briefs, applications, and other filings which contain such confidential information verbatim or which set forth the substance of such confidential information.

13. Counsel for a party may show documents stamped "CONFIDENTIAL-SUBJECT TO COURT ORDER" to a deponent during a deposition or to a witness during a trial or hearing and their respective counsel without providing prior notice to the producing party. However, before doing so, the deponent or witness shall be shown a copy of this Order and advised that the information contained in the documents is confidential and informed that the deponent or witness is bound by the Order and that an unauthorized disclosure of the information in the documents may constitute contempt of this Court.

14. If information designated as "CONFIDENTIAL-SUBJECT TO COURT ORDER" is disclosed to any person other than in the manner authorized by this Agreed Confidentiality Order,

the party or person responsible for the disclosure, and any other party or person who is subject to this Order and learns of such disclosure, shall immediately bring such disclosure to the attention of the designating party.  Without prejudice to other rights and remedies of the designating party, the responsible party or person shall make every effort to obtain the return of the information and to prevent further disclosure on its own part or on the part of the person who was the unauthorized recipient of such information.

15.   In the event any information designated as "CONFIDENTIAL-SUBJECT TO COURT ORDER" must be filed with the court prior to trial, it shall be filed in a sealed envelope at the expense of the filing party and marked on the outside with the title of this action, an identification of each document within and a statement substantially in the following form:

**CONFIDENTIAL—SUBJECT TO AGREED CONFIDENTIALITY ORDER**

This envelope contains materials that are subject to the Agreed Confidentiality Order entered by this Court on [date] in this action governing the use of confidential material.  All such material so filed shall be maintained by the Clerk of the court separate from the public records in this action, and shall not be opened except by the Court, nor shall the contents be displayed or revealed except as provided by this Agreed Confidentiality Order, by other Court Order, or by written agreement of the parties.

This provision is applicable to briefs, memoranda and other filings which quote, summarize or describe such information.

16.   Any information designated as "CONFIDENTIAL-SUBJECT TO COURT ORDER" which is subject to this Order may be marked and used as trial exhibits by either party, subject to terms and conditions as imposed by the trial court upon application by the designating party.

17.   Within 120 days after final conclusion of this Action, all noted confidential documents and copies of same that were produced by the parties (other than exhibits of record) shall be returned to the opposing party or destroyed.  Upon request of the producing party, counsel who received the documents shall make certification of compliance herewith.

18. If a party inadvertently produces documents or information deemed to be privileged and/or protected by the work product doctrine, the party to whom such documents or information was produced shall return the documents together with all copies thereof and any notes made therefrom within seven (7) days of receipt of written notification of the inadvertent production and shall destroy any notes made therefrom. A party returning inadvertently produced documents pursuant to this paragraph does not waive its right to challenge the claim of privilege and/or work product protection as to those documents. In support of such a challenge, a party returning inadvertently produced may ask the Court to conduct an *in camera* inspection of the documents to determine if they are privileged and/or otherwise protected from disclosure by the work product doctrine.

19. A party who produces information designated as "CONFIDENTIAL-SUBJECT TO COURT ORDER" but inadvertently omits the as "CONFIDENTIAL-SUBJECT TO COURT ORDER" label may, as soon as practicable after discovery of the inadvertent omission, provide notice to all other parties in the litigation and request the return of the documents together with all copies thereof so that the labeling may be added. The documents shall be returned to the party claiming inadvertent production within seven (7) days of receipt of notice of the inadvertent production. A party returning inadvertently produced documents pursuant to this paragraph does not waive its right to challenge the designation of those documents as "CONFIDENTIAL-SUBJECT TO COURT ORDER" pursuant to paragraph 10.

20. This Agreed Confidentiality Order is not intended to prohibit the use or admissibility of information designated as "CONFIDENTIAL-SUBJECT TO COURT ORDER" at the trial of this action. Issues involving the protection of such information during trial will be presented to the Court prior to or during trial as each party deems appropriate.

21. In the event that additional parties are named in this Action, neither they nor their Counsel shall have access to information designated as "CONFIDENTIAL-SUBJECT TO COURT

ORDER" until executing an amendment to this agreement and filing the agreement with the Court to reflect that addition of new counsel of record.

22. Nothing in this Agreed Confidentiality Order shall restrict or prohibit a party from seeking protections in addition to those set forth in this Agreed Confidentiality Order for a particular document(s) or for particular testimony given in this Action.

23. The obligations of this Agreed Confidentiality Order shall survive the termination of this Action and shall continue to restrict the disclosure and use of discovery material designated as "CONFIDENTIAL-SUBJECT TO COURT ORDER" by the parties, their counsel, and all who signed this Order. Following termination of this Action, the Court will retain jurisdiction to enforce the terms of this Agreed Confidentiality Order.

24. The entry of this Order shall not be interpreted as a waiver of the right to object, pursuant to the Federal Rules of Civil Procedure, to the furnishing of information in response to discovery requests or to object to a requested inspection of documents or facilities. Neither the agreement to, nor the taking of any action in accordance with the provisions of this Agreed Confidentiality Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other actions.

25. Nothing in this Order shall prevent any party or other person from waiving the protection of this Order or from seeking modification of this Order or additional protection for particular documents.

26. Review of the stamped documents and information contained therein by counsel, witnesses, experts, consultants for the parties in this Action or any other person pursuant to this Order shall not waive the confidentiality of the documents or objections to production. The inadvertent, unintentional, or in camera disclosure of stamped documents and information contained

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

therein shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality. Unless otherwise stipulated by the party claiming confidentiality thereof, any waiver of the protections of this Order shall be limited to the particular document and/or party with respect to which the waiver has been made and shall not constitute a waiver as to any other document and/or party.

27. Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any party to object to discovery or to contest the alleged relevancy or admissibility of the documents produced subject to the terms of this Order or to contest the confidentiality of the documents stamped pursuant to this Order.

28. An unauthorized disclosure of the information in a document stamped "CONFIDENTIAL-SUBJECT TO COURT ORDER" or the failure to comply with any other terms or provisions of this Order shall constitute a violation of this Order and may constitute contempt of this Court. Either party may move for appropriate sanctions or other relief from this Court upon a violation of this Order.

**BUT SEE L.R. 79-5.**

DONE AND ORDERED in Chambers at the United States District Court for the Northern District of California, in Oakland, California on June 1, 2006.

/s/ CLAUDIA WILKEN

_____

Honorable Claudia Wilken

United States District Judge

**STIPULATED AND AGREED TO BY THE PARTIES:**

DATED: _____, 2006.

    REED SMITH LLP

By _____
    Patrick E. Bradley
    Attorneys for Cirrus Design Corp.

DATED: _____, 2006.

    MASLON EDELMAN BORMAN & BRAND LLP

By _____
    Mark W. Lee
    Attorneys for Ballistic Recovery Systems, Inc.

DATED: _____, 2006.

    HANSON BRIDGETT MARCUS VLAHOS & RUDY LLP

By _____
    Merton Howard
    Attorneys for Ballistic Recovery Systems, Inc.

DATED: _____, 2006.

    SULLIVAN JOHNSON LLP

By _____
    Daniel M. Sullivan
    Attorneys for Aerospace Systems and Technologies, Inc.

1  DATED: _____, 2006.

2                                        STERNS & WALKER

3

4                                        By_____
                                            Gerald Sterns
5                                           Attorneys for Plaintiffs

**EXHIBIT A**

**DECLARATION OF** _____

I, _____, being duly sworn, state that:

1.  My address is _____
    _____
    _____ .

2.  My present employer is _____, and the address of my present employment is _____
    _____ .

3.  I have received a copy of the Agreed Confidentiality Order in this case dated _____ _____, 2006.

4.  I have carefully read and understand the provisions of the Agreed Confidentiality Order.

5.  I will comply with all of the provisions of the Agreed Confidentiality Order.

6.  I will hold in confidence and not disclose to anyone all information designated as "CONFIDENTIAL-SUBJECT TO COURT ORDER" that is disclosed to me.

7.  I will return all information designated as "CONFIDENTIAL-SUBJECT TO COURT ORDER" which come into my possession, and documents or things which I have prepared relating thereto, to the attorneys for the party by whom I am employed or retained, or to the attorney from whom I received the information.

8.  I understand that if I violate the provisions of this Agreed Confidentiality Order, I will be subject to sanctions by the Court and that the parties, or any one of them, may assert other remedies against me.


Dated: _____ .


                                                                    _____
                                                                                    Signed

.