IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUE JAN MCGRATH, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>CIRRUS DESIGN CORPORATION, et al.,<br><br>    Defendants.<br>_____/ | Nos. C 05-1542 CW<br>     C 06-3800 CW<br><br>ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT |

Defendants Cirrus Design Corporation, Aerospace Systems & Technologies, Inc. and the United States each move separately for summary judgment.[1]  Plaintiffs Sue Jan, Charles, Tanya Sue and Janny Sue McGrath oppose the motion and "request for denial or continuance of summary judgment."  Opposition at 1-2.  The motions were heard on December 6, 2007.  Having considered the parties' papers and oral argument on the motions, the Court GRANTS Defendants' motions.

---

[1] Defendant Ballistic Recovery Systems, Inc. (BRS) did not file a motion for summary judgment.  BRS filed a late notice of joinder in Defendant Cirrus's motion.

## BACKGROUND

On February 6, 2005, Charles McGrath was killed when his Cirrus SR22 airplane crashed in the Sierra Nevada mountains. On April 14, 2005, McGrath's wife and children brought claims against the manufacturer of the airplane Cirrus and manufacturers of various components of the airplane Aerospace Systems & Technologies and BRS for strict products liability, negligence and breach of warranty. On September 1, 2005, the Court entered a case management order setting the close of fact discovery for September 1, 2006, the close of expert discovery for December 15, 2006 and a May 7, 2007 trial date.

On November 15, 2005, Plaintiffs presented to the Federal Aviation Administration a claim for wrongful death. On June 16, 2006, Plaintiffs filed in this Court a wrongful death claim against the United States. Pursuant to a stipulation, the cases were consolidated and the case management scheduled was modified, extending the fact discovery cut-off to February 28, 2007 and completion of expert discovery to June 13, 2007. A new trial date was set for November 5, 2007. Again by stipulation, in February, 2007, the Court extended the close of fact discovery to May 31, 2007, the close of expert discovery to September 14, 2007 and the trial date to March 24, 2008.

## DISCUSSION

Defendants move for summary judgment, noting that Plaintiffs have not disclosed any experts, deposed Defendants' experts or deposed any of Defendants' representatives. Further, Plaintiffs have not served the United States with any interrogatories,

requests for production or requests for admissions. Plaintiffs concede that they "have not been able to compile a factual record that will allow them raise a genuine dispute of material fact in response to the pending motions for summary judgment." Opposition at 2. Therefore, Plaintiffs request that the Court

> deny the motions and order defendants to submit to the depositions that have been noticed for months but have not taken place or, in the alternative, to continue the summary judgments until a suitable later date and allow plaintiffs to take the depositions they have noticed and require so that they may make a proper response to the pending motions.

Id. Plaintiffs state that their request is made pursuant to Federal Rule of Civil Procedure 56(f). However, Plaintiffs have not filed or noticed a motion. Further, Plaintiffs' request would require modification of the Court's scheduling order because discovery closed on May 31, 2007. Plaintiffs have not moved for such modification. See Fed. R. Civ. P. 16(b).

Even construing Plaintiffs' opposition as a motion to continue consideration of the motions for summary judgment pursuant to Rule 56(f) and as a motion to modify the Court's scheduling order pursuant to Rule 16(b), Plaintiffs have not established that they are entitled to relief under either rule.

I.   Rule 16(b)

Federal Rule of Civil Procedure 16(b) provides that a case management schedule "shall not be modified except upon a showing of good cause and by leave of the district judge." Plaintiffs acknowledge that this is a complicated "deposition-intensive" case and state that the evidence needed to prove their claims "must be obtained from [] defendants, and particularly through depositions

3

of their employees." Steinle Decl. ¶ 5. However, Plaintiffs provide no concrete reasons for their failure to take those depositions. Plaintiffs refer to "repeated requests by telephone, email and letter" and cancellation of scheduled depositions, but only conclude, "[f]or whatever reasons--and they are not always clear--the result was that plaintiffs were unable to take the necessary depositions to give them the factual record they need here." Opposition at 3-4. Plaintiffs attach only their deposition notices sent in December, 2006 and January, 2007 and a single letter dated May 18, 2007, seeking to schedule depositions, in support of their contention that they diligently attempted to schedule depositions of Defendants' representatives prior to the close of fact discovery on May 31, 2007. See Steinle Decl., Exs. A and C.

Plaintiffs acknowledge that they never filed a motion to compel or sought from the Court any relief related to their difficulties in scheduling depositions other than the current request. See id. ¶ 9. Discovery has been closed for almost six months.

This is not enough to establish good cause. As the Ninth Circuit has held, "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Johnson v. Mammoth Recreations Inc., 975 F. 2d 604, 610 (9th Cir. 1992).

II. Rule 56(f)

Further, Plaintiffs have not established that they are entitled to relief pursuant to Rule 56(f), which provides,

4

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

"A Rule 56(f) motion must show how additional discovery would preclude summary judgment and why a party cannot immediately provide 'specific facts' demonstrating a genuine issue of material fact." Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 524 (9th Cir. 1989). Plaintiffs have not identified any specific facts they intend to seek through the proposed depositions. In fact, Plaintiffs appear to concede that they do not even know what facts might exist.

Plaintiffs are not entitled to relief under Rule 56(f). "A movant cannot complain if it fails diligently to pursue discovery before summary judgment." Id. (citing Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir. 1986); Frederick S. Wyle P.C. v. Texaco, Inc., 764 F.2d 604, 612 (9th Cir. 1985)).

III. Summary Judgment

In order to prevail on their strict product liability and negligence claims against any Defendant, Plaintiffs must prove that the Defendant's product was defectively designed, contained a manufacturing defect or was defective because it did not include sufficient instructions or warnings of potential safety hazards. Carlin v. Super. Ct., 13 Cal. 4th 1104, 1109 (1996) (strict product liability; Jimenez v. Sears, Roebuck & Co., 4 Cal. 3d 379, 383 (1971) (negligence). To prevail on their breach of warranty

5

claims, Plaintiffs must prove that each Defendant made an express promise that its product would perform in a certain way and the product did not, or that the product was not reasonably fit for the ordinary purposes for which it was sold. Hauter v. Zogarts, 14 Cal. 3d 104, 115-16 (1975) (express warranty); American Suzuki Motor Corp. v. Super Ct., 37 Cal. App. 4th 1291, 1295 (1995) (implied warranty of merchantability).  To prevail on their claim against the United States, Plaintiffs must prove that a private person would be liable to them under the circumstances in the place of the alleged wrongful act. See 28 U.S.C. § 1346(b).  Under either California or Nevada law, Plaintiffs would have to prove the existence and breach of a legal duty of care.  To prevail on any of their claims, Plaintiffs must prove proximate cause. Beech Aircraft Corp. v. United States, 51 F.3d 834, 838 (9th Cir. 1995); Setliff v. Du Pont de Nemours & Co., 32 Cal. App. 4th 1525, 1533 (1995).

Because Plaintiffs concede that they cannot adduce any evidence to create a triable question of fact with respect to any of these issues, the Court grants Defendants' motions for summary judgment.

IV. Defendant BRS

As noted above, Defendant BRS did not properly move for summary judgment.  However, the Court sua sponte grants summary judgment in BRS's favor. Cf. Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802-03 (9th Cir.), cert. denied, 116 S. Ct. 178 (1995) (holding that sua sponte grant of summary judgment in favor of nonappearing party is permissible where (1)

controlling issues would be the same as to the unserved defendants, (2) issues have been briefed, and (3) plaintiff has been provided an opportunity to address the controlling issues).  Plaintiffs state that they do not have any evidence to support their claims against BRS.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motions for summary judgment (Docket Nos. 39, 44, 49).[2]  Judgment shall enter accordingly.  Defendants shall recover their costs of suit from Plaintiffs.

IT IS SO ORDERED.

Dated: 12/12/07

CLAUDIA WILKEN
United States District Judge

---

[2] Defendant Cirrus's motion to strike the late-filed declaration of Abdon D. Llorente in support of Plaintiffs' opposition is granted (Docket No. 62).  Plaintiffs provided no grounds for excusing the late filing or for allowing reliance on a previously undisclosed expert.  Further, Cirrus's substantive objections to the declaration are well taken.  In the same document, Cirrus moved for sanctions.  However, as stated at oral argument, any motion for sanctions must be made in its own properly noticed pleading.  Cirrus's motion for sanctions is denied.